**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT A. VON VILLAS,<br><br>        Petitioner,<br><br>   v.<br><br>M. BITER, Warden,<br><br>        Respondent. | Case No. 1:13-cv-01678-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on November 4, 2013. Pending before the Court is the petition, which was filed on October 17, 2013.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the Kern Valley State Prison, alleges that he is serving a sentence of life without the possibility of parole for convictions of murder and conspiracy to

2

murder sustained in 1988 in the Superior Court of the State of California, County of Los Angeles.  Petitioner alleges that he has suffered retaliatory conduct from prison staff, including cell searches, takings of Petitioner's property, and issuance of a false rules violation report.  Petitioner also complains of due process violations suffered in the course of prison disciplinary proceedings that resulted in a finding that Petitioner possessed a weapon, sanctions of loss of 360 days of good time credit, and placement in administrative segregation.

     Petitioner alleges the following claims in the petition: 1) Petitioner's First Amendment rights were violated by a retaliatory search of Petitioner's cell, removal of Petitioner's property, and issuance of a false rules violation report; 2) Prison staff's failure to conduct appropriate interviews and process Petitioner's administrative grievance concerning the incident violated Petitioner's First and Fourteenth Amendment rights and Cal. Code Regs., tit. 15, § 3084.1(a); 3) the alleged course of retaliatory conduct, which included cell searches, false reports, loss of personal property, placement in administrative segregation, and transfer, chilled Petitioner's First Amendment rights; 4) Petitioner suffered violations of procedural due process in the course of the disciplinary proceedings and at the disciplinary hearing such as an absence of an impartial and fair hearing, denial of requested witnesses, failure to consider specified evidence (Petitioner's statement, exculpatory and mitigating evidence, and evidence of the absence of a threat to staff), and denial of a request for substitution of an investigative employee; 5) the guilt finding was not supported by a preponderance of the evidence or even by some

3

evidence because the evidence, including an anonymous "kite," was unreliable; and 6) intentionally false statements by a prison official concerning the treatment of Petitioner's personal property violated Petitioner's liberty interest as well as Cal. Pen. Code § 118.1 and Cal. Code Regs, tit. 15, § 3193.

Petitioner prays for reversal of the guilty finding of possession of a weapon and expungement of all references to the incident. Although Petitioner does not expressly pray for return of the lost time credits, such relief may be included in Petitioner's prayer that the rights of the parties be declared. (Pet., doc. 1, 1-28.)

II. <u>Absence of Subject Matter Jurisdiction</u>

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)). A court will not infer allegations supporting federal jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

4

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for challenging the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner's claims concerning a retaliatory cell search, removal of Petitioner's property, and issuance of a false rules report have no conceivable effect on the duration of his confinement; rather, they concern only the conditions of his confinement.  Thus, they are not cognizable in this proceeding, but they may be cognizable in a civil rights action.

A constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is generally a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. §2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be

5

raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement to immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, Petitioner's claims concerning alleged violations of due process in the prison disciplinary proceedings that resulted in a loss of good time credits are within the core of habeas corpus jurisdiction.

Suits that do not fall within the core of habeas corpus may give rise to habeas corpus jurisdiction. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the invalidity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner is serving a sentence of life without the possibility of parole. Petitioner has not alleged or documented specific facts that demonstrate or even suggest that as a result of

6

1 the challenged procedures, the duration of Petitioner's confinement,
2 as distinct from the conditions of his confinement, was affected.
3 Because Petitioner will be confined for life, he has not shown that
4 even if he were entitled to relief on the merits of his claim
5 concerning due process violations in the disciplinary proceedings,
6 relief would have any effect on the legality or duration of his
7 confinement. Cf. Garcia v. Neotti, 2012 WL 3986278, *3 (S.D.Cal.
8 July 27, 2012), adopted in Garcia v. Neotti, 2013 WL 4834946, *3
9 (S.D.Cal. Aug. 14, 2013). Any conceivable effect on the duration of
10 Petitioner's confinement is speculative at best.
11      In sum, Petitioner's claims relate only to the conditions of
12 confinement.  Thus, the Court lacks subject matter jurisdiction over
13 the petition.
14      III.   Remedy
15      Because Petitioner could not allege tenable habeas conditions
16 claims even if leave to amend were granted, the petition should be
17 dismissed for lack of subject matter jurisdiction and without leave
18 to amend.
19      Although the Court lacks habeas corpus jurisdiction over the
20 claims concerning conditions of confinement, the Court could
21 construe Petitioner's claims as a civil rights complaint brought
22 pursuant to 42 U.S.C. § 1983. See, Wilwording v. Swenson, 404 U.S.
23 249, 251 (1971).  However, the Court declines to construe the
24 petition as a civil rights complaint because of various differences
25 in the procedures undertaken in habeas proceedings on the one hand,
26 and civil rights actions on the other.
27      First, if the petition were converted to a civil rights
28 complaint, Petitioner would be obligated to pay the $350 filing fee

7

for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.  Here, the petition was not accompanied by the $350 filing fee; rather, Petitioner paid the $5.00 filing fee applicable to habeas corpus proceedings and not the much larger sum of $350. See, 28 U.S.C. § 1914.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  It is unclear whether all of Petitioner's specific claims have been adequately presented in the administrative process.

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon

8

which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing analysis, the petition will be dismissed without prejudice so Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of

9

reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, no certificate of appealability will issue.

V.   Disposition

Based on the foregoing, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; 2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **November 25, 2013**            **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

10